```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SAMANTHA CHAPMAN-GREEN, KENDRA
VAN DYKE and JENNIE RUIZ on            :
behalf of themselves and all
others similarly situated,             :

                    Plaintiffs,        :      MEMORANDUM & ORDER

              -against-                :      11 Civ. 1190 (MHD)

ICAHN HOUSE WEST LLC d/b/a             :
CRF-HOUSE WEST, LLC, ICAHN
HOUSE EAST, LLC d/b/a CRF-HOUSE        :
EAST, LLC, CRF CLUSTER MODEL
PROGRAM, LLC, RICHARD GUZMAN,          :
ORLANDO CRUZ, RAUSHAWN BOWENS,
YOLANDA ROBERTS, TRISHA MCELROY,       :
STANLEY BRICE and ROBERT LISENBEE,
                                       :
                    Defendants.
------------------------------------x
```

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

The parties to this lawsuit, which raises claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law §§ 198-b & 193, have agreed on terms to resolve the case, and have submitted their settlement agreement to the court for approval. We conclude that the settlement is fair and reasonable in all of its particulars, and we therefore approve it.

Three plaintiffs, all former employees of the defendant entities, commenced this lawsuit in 2011 asserting claims for

1

illegal electronic surveillance. They amended their complaint to add claims for unpaid wages under federal and state law and subsequently agreed to drop their surveillance claims. In plaintiffs' complaint, which was repeatedly amended, they purported to assert the wage claims not only on their own behalf, but also for all other employees similarly situated; however, no class has been certified in the case.

After extensive discovery, including twelve depositions on the merits and three regarding potential class issues, as well as briefing of plaintiffs' motion for summary judgment and class certification, the parties reached an agreement on terms to resolve the case. This agreement was reached before any class certification or any opt-in notice to potential intervening employees. The provisions of the settlement therefore govern only claims by the three plaintiffs, and they provide for payment of a total of $125,000.00, of which $40,000.00 represents payments to the plaintiffs and $85,000.00 reflects compensation of attorney's fees.

The courts have held, with some consistency, that settlements of privately filed FLSA claims for less than full unpaid wages and liquidated damages must be judicially scrutinized to ensure that the employer is not obtaining a surrender of such claims by unfair

2

pressure on the employee plaintiff. See, e.g., Lynn's Food Store, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982); Wolinsky v. Scholastic, Inc., 2012 WL 2700381, *1 (S.D.N.Y. July 5, 2012). The court must determine whether the proposed settlement "reflects a sensible compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Mosquera v. Masada Auto Sales, Inc., 2011 WL 282327, *1 (E.D.N.Y. Jan. 25, 2011). Among the pertinent factors a court should consider are "the (1) complexity, expense and likely duration of litigation, (2) stage of the proceeding, (3) risk of establishing liability, (4) risk of establishing damages, (5) ability of defendants to withstand a larger judgment, and (6) reasonableness i[n] light of best possible recovery and all risks of litigation." Peralta v. Allied Contracting II Corp., 2011 WL 3625319, *1 (E.D.N.Y. Aug. 1, 2011).

In this case plaintiffs have asserted that they were paid on the basis of a 35-hour week but were in fact required to work longer hours, sometimes in excess of 40 hours. (2d Am. Compl. ¶¶ 68-106). They admit that they were categorized as salaried employees, but assert that, in fact, they are entitled to assert their claims as if they were hourly workers. (Id. ¶¶ 68, 87-101). Defendants have disputed plaintiff's assertion of a non-exempt

3

status as well as their calculation of hours and their claimed entitlement to compensation for time worked between 35 and 40 hours.

The agreed-upon payment of $40,000.00 to plaintiffs represents compensation of approximately 89 percent of what they claim are their unpaid wages, which they calculate as $45,060.21. (Wisniewski Jan. 18, 2013 letter to Ct. at 3). That agreed-upon payment is reasonable under the circumstances. First, this was a heavily litigated case, and the negotiations were conducted at arm's length and, in part, under the supervision of the court. See, e.g., Lynn's Food Stores, 679 F.2d at 1353-54; Guaman v. Ajna-Bar NYC, 2013 WL 445896, *6 (S.D.N.Y. Feb. 5, 2013) (citing cases). Second, there is an open question whether plaintiffs' claim for gap time -- which apparently represents a majority of the time for which they sought compensation -- is legally viable. (Wisniewski Jan. 18, 2013 letter to Ct. at 3). Third, plaintiffs concede that defendants maintained sign-in logs that called their version of the facts pertaining the amount of work time into at least colorable dispute. (Id.). Fourth, the defendant entities are not-for-profit organizations that administer City funds, and there was at least a potential question about the plaintiffs' ability to enforce a contested judgment, which would potentially have been inflated with liquidated damages

and fees measured on the basis of a fully litigated case. (Id. at 3-4). Fifth, the surrender of the possibility of liquidated damages gives plaintiffs immediate relief and avoids the risk, which is not insubstantial, of a potential loss or a much smaller recovery.

With respect to the fees that have been agreed to among the parties, while they substantially exceed the amount to be paid to plaintiffs themselves, they represent a fairly substantial discount from the amount of fees accrued on the basis of counsel's time records. As noted, this case has a fairly contorted history and involved quite extensive discovery. We recognize that counsel may not be compensated for the time spent pursuing the eavesdropping claims, but most of the hours spent are attributable to the need to pursue the facts pertaining to the wage claims,[1] and counsel expended a considerable amount of time in that effort. The unreduced total of fees was $175,212.00, reflecting 645.6 hours and hourly billing rates of $445.00 for lead counsel, Robert Wisniewski, Esq., $225.00 for various associates, and $125.00 for a paralegal. As for the hours, counsel deducted all time spent between March 1 and October 21, 2011, prior to when they learned of

---

[1] We have received and reviewed not only cousel's summary of the work performed and his defense of the fee request (Wisniewski Jan. 31, 2013 letter), but also the pertinent time records.

5

the alleged wage violations, as well as time for all subsequent work that could be attributed uniquely to the surveillance claims. This reduced the total fee calculation by $29,809.50. Counsel further reduced his fee claim from $145,402.50 to $85,000.00, a figure that is inclusive of costs, which he reports amount to about $2,000.00.

Applying the standard lodestar analysis, see, e.g., General Electric Corp. v. Gary, 2013 WL 390959, *6-7 (S.D.N.Y. Jan. 31, 2013), we view the hourly rates charged to be entirely reasonable for work by counsel of comparable experience in this district, and the amount of time spent to be a reasonable total in view of the extensiveness of the proceedings that eventuated from the assertion of the wage claims, particularly taking into account substantial time reductions by counsel. Moreover, we note again that this fee agreement is consensual, see, e.g., Misiewicz v. D'Onofrio Gen. Contractors Corp., 2010 WL 2545439, *5 (E.D.N.Y. May 17, 2010) ("FLSA does not require the court to assess the fairness of an agreed payment of attorney's fees in settling an individual action"); id. *5 n.4 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (encouraging litigants to settle fee disputes)), and that plaintiffs themselves will receive nearly 90 percent of the wages that they claim they were owed. Hence the fact that fees

6

substantially exceed that total is of little consequence here. See, e.g., Millea v. Metro-North R.R. Co., 658 F.3d 154, 168 (2d Cir. 2011).

## CONCLUSION

For the reasons stated, the settlement agreement entered into between plaintiffs and defendants to resolve plaintiffs' claims under both the Fair Labor Standards Act and the New York Labor Law is deemed fair and reasonable and is approved.

Dated: New York, New York
       February 21, 2013

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Memorandum and Order have been mailed today to:

Robert Wisniewski, Esq.
225 Broadway
Suite 1020
New York, New York 10007

Douglas Motzenbecker,, Esq.
Gordon & Rees LLC
18 Columbia Turnpike
Suite 220
Florham Park, New Jersey 07932